Briarcliff Lodge Hotel, Inc., and Chauncey Depew Steele, Respondents, v. The Yonkers Statesman Corporation, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with leave to defendant to answer within ten days from service of a copy of the order herein. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

Brooklyn Trust Company, Respondent, v. Bernard Webel and Carrie A. Webel, His Wife, Respondents, T. H. Fraser Mortgage Corporation, Purchaser, Appellant, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied. Present — Young, Kapper, Scudder and Tompkins, JJ.; Lazansky, P. J., not voting.

Munch Brewery, Inc., Appellant, v. Brooklyn Beverage Dealers Association, Inc., and V. Loewer's Gambrinus Brewery Company, Respondents.— Motion to resettle order granted, and order resettled by striking therefrom the words " five days after the entry of the order herein," and inserting in place thereof the words " for January 4, 1932." Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

Barbara Reynolds, Respondent, v. Henry H. Valentine, Jr., Appellant.— Motion for reargument of motion granted, and on reargument appeal dismissed, with ten dollars costs and disbursements, on the ground that this appeal does not lie to this court from the City Court of New Rochelle. (Laws of 1927, chap. 531, § 596; Laws of 1931, chap. 499, § 138.) Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

Andrew Andersen, Respondent, v. William Kennedy Construction Company, Defendant, and Hubbard-Floyd Company, Appellant.— Judgment unanimously affirmed, with costs. The request to charge at folio 601 was properly refused. The record permitted a finding that the defendant's engineer, in the exercise of reasonable prudence, should have known of the likelihood of his bucket coming in contact with the shoring timber and that he could not rest entirely upon a signal to raise it. His knowledge of the timbers and their placement and spacing, coupled with the width of his bucket and the presence of his bucket cable, sufficed to require a duty not to be oblivious of the location of his bucket when being hoisted. With these factors the request to charge must be deemed to be incomplete. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.